IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

|  |  |
|---|---|
| LUND MOTION PRODUCTS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> ROCKY RIDGE, INC., a Georgia corporation; ROCKY RIDGE TRANSPORT, LLC, a Georgia limited liability company; ROCKY RIDGE TRANSPORTATION, LLC, a Delaware limited liability company; ROCKY RIDGE HOLDING COMPANY, LLC, a Delaware limited liability company; and A.L.C. MANUFACTURING, INC., a Georgia corporation, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Lund Motion Products, Inc. ("Plaintiff" or "Lund") hereby complains of Defendants ROCKY RIDGE, INC., ROCKY RIDGE TRANSPORT, LLC, ROCKY RIDGE TRANSPORTATION, LLC, ROCKY RIDGE HOLDING COMPANY, and A.L.C. MANUFACTURING, INC., and alleges as follows:

## I. THE PARTIES

1.      Plaintiff Lund Motion Products, Inc. is a Delaware corporation having a principal place of business at 4325 Hamilton Mill Road, Suite 400, Buford, GA 30518.

2.     Defendant Rocky Ridge, Inc. is a Georgia corporation having its principal place of business at 259 Westclock Extension, Franklin Springs, GA 30639.

3.     Defendant Rocky Ridge Transport, LLC is a limited liability company organized under the laws of the state of Georgia with its principal place of business at 259 Westclock Extension, Franklin Springs, GA 30639.

4.     Defendant Rocky Ridge Transportation LLC, is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 259 Westclock Extension, Franklin Springs, GA 30639.

5.     Defendant Rocky Ridge Holding Company, LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 259 Westclock Extension, Franklin Springs, GA 30639.

6.     Defendant A.L.C. Manufacturing, Inc. is a Georgia corporation having its principal place of business at 259 Westclock Extension, Franklin Springs, GA 30639.

7.     Defendants have the same address, are affiliates of one another, and will be collectively referred to as "Defendants" or "Rocky Ridge."

## II.  JURISDICTION AND VENUE

8.     This is a civil action for patent infringement and copyright infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et*

*seq.*, more particularly 35 U.S.C. §§ 271 and 281, and under the copyright laws of the United States, 17 U.S.C. § 501 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

9.   Each defendant is subject to personal jurisdiction in Georgia, has committed acts complained of herein within this judicial district, and has a regular and established place of business in this district.  Defendants' activities in this district include the importation, sale, promotion and installation of the retractable vehicle steps accused of infringement in this complaint.

10.   Lund sells in the United States products covered by one or more claims of each of the patents asserted herein.

11.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a) and (b).

### III.  THE ASSERTED PATENTS

12.   Lund is the owner by assignment of U.S. Patent 8,157,277, entitled "Retractable Vehicle Step" ("the '277 patent"), which the United States Patent and Trademark Office lawfully and duly issued on April 17, 2012.  A true and correct copy of the '277 patent is attached hereto as Exhibit 1.

13.   Lund is the owner by assignment of U.S. Patent 9,302,626, entitled "Retractable Vehicle Step" ("the '626 patent"), which the United States Patent and

Trademark Office lawfully and duly issued on April 5, 2016.  A true and correct copy of the '626 patent is attached hereto as Exhibit 2.

14.    Lund is the owner by assignment of U.S. Patent 9,561,751, entitled "Retractable Vehicle Step" ("the '751 patent"), which the United States Patent and Trademark Office lawfully and duly issued on February 7, 2017.  A true and correct copy of the '751 patent is attached hereto as Exhibit 3.

## IV.  THE ASSERTED COPYRIGHTS

15.    Lund is the owner by assignment of U.S. Copyright Registration No. VA 2-068-823 and Supplementary Registration No. VA 2-070-290, for 2-D artwork, technical drawings, and text contained in a work entitled "Power Step Installation Guide," which was first published on June 28, 2007.  Ex. 4.  The Copyright Office lawfully and duly issued a copyright registration certificate effective on September 25, 2017 (Ex. 5) and a supplementary registration certificate effective on October 3, 2017 (Ex. 6).  Lund periodically creates updated versions of its guide – *e.g.*, versions containing information pertinent to newly released vehicles – using the copyrighted artwork, technical drawings and text in its original installation guide.

## V.  ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

16.     Lund, together with its affiliates, is one of world's leading providers of automotive accessories, offering functional, high-performance, protective and stylish products for the industry's most recognized brands.

17.     The products at issue are retractable vehicle steps, also known as retractable running boards, which attach to the side of a vehicle and are capable of extending outward for use as a step and retracting inward at least partially under the vehicle.

18.     In 2013 Lund acquired all of the assets of AMP Research, the manufacturer of the PowerStep$^{TM}$ and PowerStep XL$^{TM}$ lines of retractable vehicle steps (collectively, "the PowerStep$^{TM}$").  Lund manufactures all of its PowerStep$^{TM}$ products in America.  The PowerStep$^{TM}$ product has become very well known in the industry, has been cited by Automotive News, and is marketed as the "best-built, best-performing and best-selling product of its kind."  Since 2003 several major auto manufacturers – including Chevrolet, Lincoln, Cadillac, GMC, Range Rover, and Chrysler – have offered PowerStep$^{TM}$ products as a factory option or as an accessory on new vehicles.

19.     Lund has a large patent portfolio covering its innovative retractable vehicle steps, including a family of patents that includes the '277 patent, the '626 patent, and the '751 patent.  Lund marks its PowerStep$^{TM}$ product with this patent

{00494913.1/019620-000001 }

family in two ways.  First, Lund marks the end cap of the PowerStep<sup>TM</sup> product with the patent numbers of several of the patents in the family of the asserted patents.  One of those patents is U.S. Patent No. 7,566,064, the "parent" of the '277 patent and a "grandparent" of the '626 and '751 patents.  Second, Lund marks the PowerStep<sup>TM</sup> product with the phrase "additional patent info: www.amp-research.com," and lists additional patents on its website.  One such patent is the '277 patent.  *See* http://www.amp-research.com/company/patents/.

20.    Rocky Ridge is a specialty vehicle outfitter that sells customized cars, trucks and RVs, both directly to customers and through a network of independent dealers.  Rocky Ridge also installs specialty equipment for automotive manufacturers, such as Ford, on vehicles that are ultimately sold to consumers through the manufacturer's dealerships.

21.    For many years Rocky Ridge installed genuine, American-made Lund PowerStep<sup>TM</sup> products on its own trucks and those consigned to Rocky Ridge by truck manufacturers.  More recently, Rocky Ridge began installing infringing retractable steps produced by T-Max, a Chinese manufacturer.  On its website, Rocky Ridge describes these steps as "Power Step Boards" or "Power Side Steps" ("the T-Max Steps").  As a result of its partnership with T-Max, Rocky Ridge has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, retractable vehicle steps for use on certain trucks,

including Ford F-150 trucks, that infringe one or more claims of the '277 patent, the '626 patent, and the '751 patent ("the asserted patents").

22.    Rocky Ridge has marketed, offered to sell, and sold trucks outfitted with infringing T-Max Steps through, for example, its corporate website https://www.rockyridgetrucks.com. Rocky Ridge has also installed T-Max Steps on trucks that are sold nationwide through manufacturer dealerships.  Ex. 7.

23.    Rocky Ridge has reproduced and distributed, and continues to reproduce and distribute, installation guides that contain material blatantly copied from key portions of Lund's copyrighted installation guide, for example, images demonstrating how to perform steps in the installation process.  *Cf., e.g.,* Ex. 4 (Lund guide) at 7 and Ex. 8 (Rocky Ridge guide) at 14.  As a result of this copying, Rocky Ridge's infringing installation guides contain material that is substantially similar to Lund's copyrighted work.  Rocky Ridge reproduces and distributes its infringing installation guides in connection with its installation of T-Max Steps and its promotion, offer for sale, and sale of trucks fitted with such steps.

24.    The Specialty Equipment Market Association (SEMA) trade show in Las Vegas, Nevada is touted as the "premier automotive specialty products trade event in the world" and draws more than 70,000 domestic and international buyers. Lund and AMP Research have been the recipients of several SEMA awards throughout the years.  Specifically, AMP Research received the award for Best

New Merchandising Display for their PowerStep™ retail display at the 2012 SEMA Show New Products Showcase.  Additionally, Lund's PowerStep XL™ product was the winner of the 2014 and 2015 SEMA New Product Award in the category of Exterior Accessory Products.  New Product Awards are "given to the most innovative and cutting-edge new and featured automotive aftermarket products" and are selected from nearly 2000 products in sixteen categories.  *See* https://www.sema.org/sema-enews/2014/46/sema-announces-2015-new-product-award-winners-show.  Furthermore, Lund's PowerStep XL™ product was featured on the 2016 SEMA Show Hottest Truck winner, the '16/'17 Ford F-250 Super Duty Truck.  *See* https://www.sema.org/sema-news/2017/01/the-2016-sema-award.

25.   Rocky Ridge has sent representatives to automotive trade shows including SEMA.  At the 2015 and 2016 SEMA trade shows, Lund had a large and prominent booth containing multiple trucks outfitted with Lund's products, including the PowerStep™.   Given (1) the industry-leading status of Lund's PowerStep™ products and Rocky Ridge's presence at the SEMA trade show, (2) Rocky Ridge's business of installing specialty equipment on trucks, and particularly (3) Rocky Ridge's past dealings with Lund and its experience installing Lund's PowerStep™, Rocky Ridge was necessarily aware of the PowerStep™ and its installation guide when Rocky Ridge marketed and sold its competing T-Max Steps and distributed guides for installing those steps.

26.    The infringing T-Max Steps are manufactured by T-Max, LLC or an affiliated T-Max entity in China.   In 2008, T-Max, LLC was sued for patent infringement by Lund's predecessor AMP Research.   *See 89908 Inc. v. T-Max, LLC*, No. 8:08-cv-323 (C.D. Cal.).   The lawsuit resulted in a consent judgment and permanent injunction against T-Max, LLC, which included findings that T-Max's retractable step infringed two other patents in the family of patents that includes the asserted patents.   Ex. 9.   In May 2017, Lund sued another T-Max distributor, Rev Wheel, LLC, for infringement of the very patents asserted herein.   See *Lund Motion Prods., Inc. v. Rev Wheel, LLC,* No. 5:17-cv-883 (C. D. Cal.).   The parties in that case settled, with Rev Wheel agreeing to discontinue all sales of the infringing T-Max product.   In view of this history, T-Max and its distributor Rocky Ridge were aware that Lund possessed an extensive intellectual-property portfolio that protected the technology in its industry-leading PowerStep$^{TM}$ products, and were specifically aware of the '277 patent, the '626 patent, and the '751 patent.

27.    Rocky Ridge's decision to launch its T-Max Steps was done with knowledge of, or willful blindness with respect to, the asserted patents.

28.    Rocky Ridge's decision to launch its T-Max Steps was done with knowledge, or willful blindness to the known risk, that the T-Max Steps would infringe one or more of the asserted patents.

29.    Rocky Ridge's decision to distribute installation guides copied from Lund's copyrighted guide was done knowingly, and with reckless disregard for, or willful blindness to, Lund's rights of authorship.

30.    Rocky Ridge's actions were egregious, willful, wanton, and done in reckless or callous disregard of, or with indifference to, Lund's rights.

## VI.  CLAIMS FOR PATENT AND COPYRIGHT INFRINGEMENT

### FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,157,277)

31.    Lund re-alleges and reincorporates the allegations set forth in paragraphs 1 through 30.

32.    Certain of Rocky Ridge's retractable vehicle step products, including at least the T-Max Steps, are covered by one or more claims of the '277 patent, including at least Claim 27.

33.    Rocky Ridge has infringed the '277 patent under 35 U.S.C. § 271(a) and § 271(b) through the manufacture, use, sale, offer for sale, and/or importation into the United States of retractable vehicle steps, including the T-Max Steps.

34.    Rocky Ridge has directly infringed one or more claims of the '277 patent under § 271(a) through the manufacture, use, sale, offer for sale, and/or importation into the United States of the T-Max Steps.

35.     For example, the T-Max Steps include all of the limitations of Claim 27 of the '277 patent.

36.     The T-Max Steps include a first support arm and a second support arm connectable with respect to an underside of a vehicle so as to be pivotable about a first axis oriented generally parallel to the ground and a second axis oriented generally parallel to the ground.

37.     The T-Max Steps also include a step member with an upper stepping surface where the first support arm and the second support arm are connected to the step member so that the first support arm and the second support arm are pivotable with respect to the step member about a third axis and a fourth axis, where the second axis is located inboard from the first axis.  The first and second support arms allow the step member to move between a retracted position and a deployed position.

38.     When the T-Max Steps are viewed in a plane perpendicular to the first axis, a first line can be drawn between the first axis and the third axis and a second line can be drawn between the second axis and the fourth axis, where the first line and the second line are not parallel and will intersect at a point spaced outboard of the support arms when the step member is in the retracted position.

39.     The step member of the T-Max Steps includes a plane for supporting at least a forefoot and the upper stepping surface has an inboard end and an

outboard end, where the plane is in a first orientation when the step member is in the deployed position and a second orientation when the step member is in the retracted position. The second orientation is inclined with respect to the first orientation so that the outboard end is located upwards from the inboard end when the plane is in the second orientation.

40.   Rocky Ridge was aware of the '277 patent at least because it was aware of Lund's prominent PowerStep™ product, which was marked with the patent number of each asserted patent and/or a parent or grandparent thereof, because of the prior lawsuits in which the '277 patent or family members of the '277 patent were asserted against infringing steps manufactured by Rocky Ridge's supplier T-Max, and because for many years Rocky Ridge installed genuine, American-made Lund PowerStep™ products on its own trucks and those consigned to Rocky Ridge by truck manufacturers.

41.   Rocky Ridge has actively induced and/or will actively induce others to infringe the '277 patent. Rocky Ridge's acts constitute induced infringement of the '277 patent in violation of 35 U.S.C. § 271(b).

42.   Rocky Ridge actively induces its dealers and customers to directly infringe the asserted claims of the '277 patent by, for example, installing, selling, offering for sale, using and/or importing the infringing T-Max Steps. Rocky Ridge acted with the knowledge that the actions it induced would constitute infringement.

43.    Rocky Ridge's ongoing infringement of the '277 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '277 patent and its infringement thereof, thus acting in reckless disregard of Lund's patent rights.

44.    As a consequence of Rocky Ridge's infringement of the '277 patent, Lund has suffered and will continue to suffer irreparable harm and injury, for example, in the form of lost sales, lost profits and loss of market share.

45.    Unless enjoined, Rocky Ridge and/or others acting on behalf of Rocky Ridge will continue their infringing acts, thereby causing additional irreparable injury to Lund for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 9,302,626)

46.    Lund re-alleges and reincorporates the allegations set forth in paragraphs 1 through 45.

47.    Certain of Rocky Ridge's retractable vehicle step products, including at least the T-Max Steps, are covered by one or more claims of the '626 patent, including at least Claims 1 and 8.

48.    Rocky Ridge has infringed the '626 patent under 35 U.S.C. § 271(a) and § 271(b) through the manufacture, use, sale, offer for sale, and/or importation into the United States of retractable vehicle steps, including the T-Max Steps.

49.    Rocky Ridge has directly infringed one or more claims of the '626 patent under § 271(a) through the manufacture, use, sale, offer for sale, and/or importation into the United States of the T-Max Steps.

50.    For example, the T-Max Steps include all of the limitations of Claim 1 and Claim 8 of the '626 patent.

51.    The T-Max Steps include an attachment portion configured to connect to an underside of a vehicle.

52.    The T-Max Steps also include a pair of linkage arms that are pivotably attached to the attachment portion at an axis oriented generally parallel to the ground, where a first pair of linkage arms is located more towards the longitudinal vehicle centerline than a second pair of linkage arms.

53.    The T-Max Steps also include a stepping member pivotably connected to the pair of linkage arms at a stepping axis oriented generally parallel to the ground, where the stepping member comprises a stepping deck having a width greater than a width of each of the pair of linkage arms and configured to receive a force onto the stepping deck.

54.    The T-Max Steps are configured to translate between a deployed and retracted position by the rotation of the pair of linkage arms and the stepping member, where the stepping deck is located under the vehicle in the retracted

position and at least partially extends from under the vehicle in the deployed position.

55.    In the T-Max Steps, one pair of linkage arms is longer than another pair of linkage arms.

56.    The T-Max Steps also include a stepping deck that defines a plane for supporting at least a forefoot, the plane takes on a first orientation when the stepping member is in the deployed position and a second orientation when the stepping member is in the retracted position, where the second orientation is inclined with respect to the first orientation.

57.    Rocky Ridge was aware of the '626 patent at least because it was aware of Lund's prominent PowerStep$^{TM}$ product, which was marked with the patent number of each asserted patent and/or a parent or grandparent thereof, because of the prior lawsuits in which the '626 patent or family members of the '626 patent were asserted against infringing steps manufactured by Rocky Ridge's supplier T-Max, and because for many years Rocky Ridge installed genuine, American-made Lund PowerStep$^{TM}$ products on its own trucks and those consigned to Rocky Ridge by truck manufacturers.

58.    Rocky Ridge has actively induced and/or will actively induce others to infringe the '626 patent.  Rocky Ridge's acts constitute induced infringement of the '626 patent in violation of 35 U.S.C. § 271(b).

59.    Rocky Ridge actively induces its dealers and customers to directly infringe the asserted claims of the '626 patent by, for example, installing, selling, offering for sale, using and/or importing the infringing T-Max Steps.  Rocky Ridge acted with the knowledge that the actions it induced would constitute infringement.

60.    Rocky Ridge's ongoing infringement of the '626 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '626 patent and its infringement thereof, thus acting in reckless disregard of Lund's patent rights.

61.    As a consequence of Rocky Ridge's infringement of the '626 patent, Lund has suffered and will continue to suffer irreparable harm and injury, for example, in the form of lost sales, lost profits and loss of market share.

62.    Unless enjoined, Rocky Ridge and/or others acting on behalf of Rocky Ridge will continue their infringing acts, thereby causing additional irreparable injury to Lund for which there is no adequate remedy at law.

### <u>THIRD CLAIM FOR RELIEF</u>

### <u>(Infringement of U.S. Patent No. 9,561,751)</u>

63.    Lund re-alleges and reincorporates the allegations set forth in paragraphs 1 through 62.

64.    Certain of Rocky Ridge's retractable vehicle step products, including at least the T-Max Steps, are covered by one or more claims of the '751 patent, including at least Claim 13.

65.    Rocky Ridge has infringed the '751 patent under 35 U.S.C. § 271(a) and § 271(b) through the manufacture, use, sale, offer for sale, and/or importation into the United States of retractable vehicle steps, including the T-Max Steps.

66.    Rocky Ridge has directly infringed one or more claims of the '751 patent under § 271(a) through the manufacture, use, sale, offer for sale, and/or importation into the United States of the T-Max Steps.

67.    For example, the T-Max Steps include all of the limitations of Claim 13 of the '751 patent.

68.    The T-Max Steps include a stepping platform.

69.    The T-Max Steps include a mounting bracket configured to be attached to a vehicle.

70.    The T-Max Steps include a plurality of non-parallel support linkages configured to pivotably move the stepping platform from a retracted position to an extended position located outboard of the retracted position.

71.    The T-Max Steps include a stepping platform linkage connected to the stepping platform and at least one of the plurality of support linkages, where the stepping platform linkage includes a straddling segment located on an end opposite

the stepping platform, where the straddling segment includes two flanges spaced apart at a width greater than a width of the at least one of the plurality of support linkages, the two flanges being configured to retain and straddle one end of the at least one of the plurality of support linkages.

72.    The stepping platform of the T-Max Steps has a width greater than the width of any of the plurality of support linkages and the stepping platform linkage.

73.    The T-Max Steps has at least four axes of rotation, two of which are located on the mounting bracket and two of which are located within the straddling segment.

74.    The T-Max Steps include at least one support linkage that is configured to pivot within the straddling segment.

75.    The stepping platform of the T-Max Steps is configured to move downwards and outboard when moving from the retracted position to the extended position.

76.    Rocky Ridge was aware of the '751 patent at least because it was aware of Lund's prominent PowerStep™ product, which was marked with the patent number of each asserted patent and/or a parent or grandparent thereof, because of the prior lawsuits in which the '751 patent or family members of the '751 patent were asserted against infringing steps manufactured by Rocky Ridge's supplier T-Max, and because for many years Rocky Ridge installed genuine,

American-made Lund PowerStep™ products on its own trucks and those consigned to Rocky Ridge by truck manufacturers.

77.    Rocky Ridge has actively induced and/or will actively induce others to infringe the '751 patent.  Rocky Ridge's acts constitute induced infringement of the '751 patent in violation of 35 U.S.C. § 271(b).

78.    Rocky Ridge actively induces its dealers and customers to directly infringe the asserted claims of the '751 patent by, for example, installing, selling, offering for sale, using and/or importing the infringing T-Max Steps.  Rocky Ridge acted with the knowledge that the actions it induced would constitute infringement.

79.    Rocky Ridge's infringement of the '751 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '751 patent and its infringement thereof, thus acting in reckless disregard of Lund's patent rights.

80.    As a consequence of Rocky Ridge's patent infringement of the '751 patent, Lund has suffered and will continue to suffer irreparable harm and injury, for example, in the form of lost sales, lost profits and loss of market share.

81.    Unless enjoined, Rocky Ridge and/or others acting on behalf of Rocky Ridge will continue their infringing acts, thereby causing additional irreparable injury to Lund for which there is no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Copyright Infringement)

82.    Lund re-alleges and reincorporates the allegations set forth in paragraphs 1 through 81.

83.    This is a claim for copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq.*

84.    Lund is the owner of a valid and enforceable copyright in its Power Step Installation Guide.  The Power Step Installation Guide contains copyrightable subject matter under 17 U.S.C. § 101 *et seq.*

85.    Lund has complied with the registration requirements of 17 U.S.C. § 411(a) for its copyrighted installation guide and has obtained Copyright Registration No. VA 2-068-823 and Supplementary Registration No. VA 2-070-290 for that guide.  The copyright registration certificates for the Power Step Installation Guide are attached as Exhibits 5 and 6.

86.    Rocky Ridge had access to Lund's copyrighted installation guide at least because Rocky Ridge received copies of that guide or updated versions thereof when it purchased genuine Lund PowerSteps[TM] and installed those steps on vehicles such as Ford F-150 trucks, and because Lund maintains the latest versions of the guide on its AMP Research website.

87.     Rocky Ridge's infringing installation guides contain material, such as graphics and text, that are identical or virtually identical to key elements in Lund's installation guide.

88.     Either alone or in conjunction with its new supplier T-Max, Rocky Ridge copied key portions of Lund's copyrighted work in preparing its infringing installation guide.

89.     As a result of this copying, Rocky Ridge's infringing installation guide contains material that is substantially similar to Lund's copyrighted work.

90.     Rocky Ridge has reproduced and distributed, and continues to reproduce and distribute, its infringing installation guide.

91.     Rocky Ridge has never sought or received permission to reproduce, modify or distribute Lund's copyrighted installation guide or any portion thereof.

92.     Rocky Ridge's acts infringed and continue to infringe Lund's rights of authorship in violation of 17 U.S.C. § 501(a).  Rocky Ridge is directly infringing Lund's exclusive right to reproduce, make derivative works based on, and distribute copies of Lund's copyrighted work under 17 U.S.C. § 106.

93.     Rocky Ridge's infringement was done knowingly and willfully, and with reckless disregard for, or willful blindness to, Lund's rights of authorship.

94.     Rocky Ridge's acts of infringement have damaged Lund in an amount to be determined at trial.

95.     Rocky Ridge's acts of infringement have irreparably injured Lund by, for example, depriving Lund of market share, and Lund has no adequate remedy at law.   Such irreparable injury will continue until and unless Rocky Ridge is enjoined by this Court from further violation of Lund's rights.

## VII.  PRAYER FOR RELIEF

1.     WHEREFORE, Plaintiff Lund prays for judgment and seeks the following relief:

(1)     Pursuant to 35 U.S.C. § 271, a determination that Rocky Ridge and its officers, agents, servants, employees, dealers, retailers, distributors, manufacturers, attorneys and all others in active concert and/or participation with them have infringed the '277, '626, and '751 patents;

(2)     Pursuant to 35 U.S.C. § 283, an injunction enjoining Rocky Ridge and its officers, agents, servants, employees, dealers, retailers, distributors, manufacturers, attorneys and all others in active concert and/or participation with them from infringing the '277, '626, and '751 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

(3)     Pursuant to 35 U.S.C. § 284, an award compensating Lund for Rocky Ridge's infringement of the '277, '626, and '751 patents through payment of not less than a reasonable royalty on Rocky Ridge's sales of infringing products;

(4)     Pursuant to 35 U.S.C. § 284, an award increasing damages up to three times the amount found or assessed by the jury for Rocky Ridge's infringement of each of the '277, '626, and '751 patents in view of the willful and deliberate nature of the infringement;

(5)     Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award of reasonable attorneys' fees and non-taxable costs;

(6)     An assessment of prejudgment and post-judgment interest and costs against Rocky Ridge, together with an award of such interest and costs, pursuant to 35 U.S.C. § 284;

(7)     Pursuant to 17 U.S.C. § 501(a), a determination that Rocky Ridge infringed Lund's copyright registered as Registration No. VA 2-068-823 and Supplementary Registration No. VA 2-070-290;

(8)     Pursuant to 17 U.S.C. § 502, an injunction enjoining Rocky Ridge and its officers, agents, servants, employees, dealers, retailers, distributors, manufacturers, attorneys and all others in active concert and/or participation with them from copying, reproducing, distributing, displaying, creating derivative works, or otherwise infringing Lund's copyright;

(9)     Pursuant to 17 U.S.C. § 504(b), an award of damages and Rocky Ridge's profits resulting from Rocky Ridge's copyright infringement, or alternatively, if Lund elects, an award of statutory damages pursuant to 17 U.S.C. §

504(c)(1);

(10)   Pursuant to 17 U.S.C. § 504(c)(2), an award increasing damages for Rocky Ridge's infringement of Lund's copyright in view of the willful and deliberate nature of the infringement;

(11)   Pursuant to at least 17 U.S.C. § 505, an award of reasonable costs, expenses, and attorneys' fees for Rocky Ridge's copyright infringement;

(12)   An order requiring Rocky Ridge to account to Lund for any and all profits derived by Rocky Ridge and all damages sustained by Lund by virtue of Rocky Ridge's unlawful acts complained of herein;

(13)   An award of taxable costs; and

(14)   Such other and further relief as the Court deems equitable and just under the circumstances.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  November 1, 2017      By: _/s/ Sean M. Murray_____
                                   John B. Sganga
                                   Ca. Bar No: 116,211
                                   Sean M. Murray
                                   Ca. Bar No: 213,655

2040 Main Street
Fourteenth Floor
Irvine, CA 92614
(949-760-0404
john.sganga@knobbe.com
sean.murray@knobbe.com

Loni Morrow
Ca. Bar No: 287,693

12790 El Camino Real
San Diego, CA 92130
(858) 707-4000
Loni.morrow@knobbe.com


FORTSON, BENTLEY & GRIFFIN, P.A.


By:   /s/ *Roy E. Manoll, III*
        Roy E. Manoll, III
        Georgia Bar No:  469710

2500 Daniell's Bridge Road
Building 200, Suite 3A
Athens, Georgia 30606
(706) 548-1151
rem@fbglaw.com

Attorneys for Plaintiff
LUND MOTION PRODUCTS, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Lund Motion Products, Inc. demands a trial by jury of all issues raised by the pleadings which are triable by jury.


Dated:  November 1, 2017          KNOBBE, MARTENS, OLSON & BEAR, LLP


By:  */s/ Sean M. Murray*
John B. Sganga
California Bar No: 116,211
Sean M. Murray
California Bar No: 213,655
Loni Morrow
California Bar No: 287,693


FORTSON, BENTLEY & GRIFFIN, P.A.


By:  */s/ Roy E. Manoll, III*
Roy E. Manoll, III
Georgia Bar No: 469710

Attorneys for Plaintiff
LUND MOTION PRODUCTS, INC.


26981660